UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61107

ANGELA HUGHES,

    Plaintiff,

vs.

ONCOLOGY & HEMATOLOGY
ASSOCIATES OF WEST BROWARD, P.A.
AND SUMIT SAWHANEY, M.D.

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Angela Hughes, sues Defendants, Oncology & Hematology Associates of West Broward, P.A. and Sumit Sawhney, M.D., as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Angela Hughes**, is over 18 years old and has been a *sui juris* resident of Palm Beach County, Florida, at all times material.

2.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendant.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Oncology & Hematology Associates of West Broward, P.A.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Broward County, Florida, at all times material, where it maintains its principal place of business.

1

6. **Defendant, Sumit Sawhney, M.D.,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages, and signed the letter dated March 11, 2022 terminating Plaintiff's employment.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendant, Oncology & Hematology Associates of West Broward, P.A., maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in Broward County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

11. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant' business an enterprise covered under the Fair Labor Standards Act.

2

13. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of its provision of medical care and services which, traditionally, cannot be performed without using computers, syringes, medications, ointments, monitors, computer networking equipment, phones, pharmaceuticals, goods, materials, supplies, and equipment that have all moved through interstate commerce.

14. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

18. Plaintiff worked for Defendants from approximately August 6, 2021 to March 11, 2022.

19. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of her work in responding to medical record requests

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

and in organizing patient medical records utilizing Defendants' electronic medical records software.

21. In her work for Defendants, Plaintiff regularly and routinely responded to requests for medical records by doctors, attorneys, and disability claims made by personnel/entities located both inside and outside of the State of Florida.

22. Plaintiff worked in "Medical Records" and was then promoted to a "Medical Records Supervisor", but never supervised two or more personnel and did not make any significant decisions as part of her work.

23. Defendants paid plaintiff at a rate of $18 per hour while a Medical Records Supervisor.

24. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants until about March 2021, when she stopped working overtime.

25. Defendants knew and/or reasonably should have known about the overtime hours that Plaintiff worked each week by virtue of her clocking in and out of work.

*Liability*

26. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage

4

Laws of the United States, they intentionally misled Plaintiff to believe that Defendants was not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

29. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

31. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Angela Hughes, demands the entry of a judgment in her favor and against Defendants, Oncology & Hematology Associates of West Broward, P.A. and Sumit Sawhney, jointly and severally after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

   e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

5

    f.    That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Angela Hughes, demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of June 2022,

                            s/Brian H. Pollock, Esq.
                            Brian H. Pollock, Esq.
                            Fla. Bar No. 174742
                            brian@fairlawattorney.com
                            FAIRLAW FIRM
                            135 San Lorenzo Avenue
                            Suite 770
                            Coral Gables, FL 33146
                            Tel:    305.230.4884
                            *Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*