UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61107

ANGELA HUGHES,

    Plaintiff,

v.

ONCOLOGY & HEMATOLOGY
ASSOCIATES OF WEST
BROWARD, P.A., and
SUMIT SAWHNEY, M.D.,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, ONCOLOGY & HEMATOLOGY ASSOCIATES OF WEST BROWARD, P.A., and SUMIT SAWHNEY, M.D. (hereinafter collectively "Defendants"), pursuant to the Federal Rules of Civil Procedure hereby files their Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendants are without sufficient knowledge at this time to form a reasonable belief as to the allegations contained in Paragraph 1 and therefore deny same and demand strict proof thereof.

2. The allegations of Paragraph 2 consist of legal conclusions and Plaintiff's characterization of the law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 2 and demand strict proof thereof.

3. The allegations of Paragraph 3 consist of legal conclusions and Plaintiff's characterization of the law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 3 and demand strict proof thereof.

4. Defendants are without sufficient knowledge at this time to form a reasonable belief as to

the allegations contained in Paragraph 4 and therefore deny same and demand strict proof thereof.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit that venue of this action is proper in the Southern District of Florida, but deny that Plaintiff was due to be paid in Broward County and demand strict proof thereof. As to the remaining allegations in Paragraph 7, Defendants deny same and demand strict proof thereof.

8. Defendants admit the allegations of Paragraph 8 for jurisdictional purposes only.

9. The allegations of Paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

10. Defendants admit only that Plaintiff retained the undersigned counsel but are without sufficient knowledge to admit or deny whether Plaintiff has agreed to pay a reasonable fee for all services rendered.

## BACKGROUND FACTS

11. The allegations of Paragraph 11 contain legal conclusions to which no response is required. To the extent a request is required, Defendants deny same.

12. Defendants admit the allegations in Paragraph 12 to the extent they employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce; however, the remaining allegations of Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

13. Defendants admit the allegations in Paragraph 13 to the extent Defendants perform medical care and in the process their care provided includes using computers, syringes, medications, ointments, monitors, computer networking equipment, phones, pharmaceuticals, goods, materials,

supplies, and equipment that have all moved through interstate commerce; however, the remaining allegations of Paragraph 13 consist of legal conclusions and Plaintiff's characterization of the law which no response is required, to the extent a response is required, Defendants deny same.

14. Defendants admit the allegations in Paragraph 14 to the extent they sometimes obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida. However, the remaining allegations of Paragraph 14 consist of legal conclusions and Plaintiff's characterization of the law which cannot be responded to as phrased; to the extent a response is required, Defendants deny same.

15. Defendants admit the allegations in Paragraph 15 to the extent they submit billings and receipt of payment involving out-of-state payors sometimes; however, the remaining allegations of Paragraph 13 consist of legal conclusions and Plaintiff's characterization of the law which no response is required, to the extent a response is required, Defendants deny same.

16. Defendants admit the allegations in Paragraph 16 to the extent their annual gross revenues are believed to be in excess of $500,000.00 for the relevant time period and/ or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked. Defendants deny the remaining allegations of Paragraph 16.

17. Defendants are without sufficient knowledge at this time to form a reasonable belief as to the allegations contained in Paragraph 17 and therefore deny same and demand strict proof thereof.

18. Defendants deny the allegations in Paragraph 18 and demand strict proof thereof.

19. Defendants are without sufficient knowledge at this time to form a reasonable belief as to the allegations contained in Paragraph 19 and therefore deny same and demand strict proof thereof.

20. The allegations of Paragraph 20 contain legal conclusions to which no response is required. To the extent a request is required, Defendants deny same.

21. Defendants admit the allegations in Paragraph 21 to the extent Plaintiff responded to requests for medical records by doctors, attorneys, and disability claims made by personnel entities located both inside and outside of the State of Florida; however, Defendant denies the remaining allegations in Paragraph 21 and demands strict proof thereof.

22. Defendants admit that Plaintiff worked in "Medical Records" and then was promoted to "Medical Records Supervisor." However, Defendants deny the remaining allegations in Paragraph 22 and demand strict proof thereof.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24 and demand strict proof thereof.

25. Defendants deny the allegations in Paragraph 25 and demand strict proof thereof.

## **LIABILITY**

26. Defendants deny the allegations in Paragraph 26 and demand strict proof thereof.

27. Defendants deny the allegations in Paragraph 27 and demand strict proof thereof.

28. Defendants deny the allegations in Paragraph 28 and demand strict proof thereof.

29. The allegations of Paragraph 29 contain legal conclusions to which no response is required. To the extent a request is required, Defendants deny same

30. Defendants admit only that Plaintiff retained the undersigned counsel but are without sufficient knowledge to admit or deny whether Plaintiff has agreed to pay a reasonable fee for all services rendered.

31. Defendants deny the allegations in Paragraph 31 and demand strict proof thereof.

Defendants deny the allegations and relief sought contained in the "WHEREFORE"

Paragraph, including all subparts, of Plaintiff's Complaint and demand strict proof thereof.

## DEMAND FOR JURY TRIAL

Defendants aver that Plaintiff demands a trial by jury on all issues so triable, except Defendants deny there exists any triable issues in this matter.

## AFFIRMATIVE DEFENSES

As Defendants' First Affirmative Defense, Defendants assert that Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted against the Defendants.

As Defendants' Second Affirmative Defense, Defendants assert that Plaintiff's claims are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

As Defendants' Third Affirmative Defense, Defendants assert that Defendants have at all times acted in good faith to comply with the provisions of the FLSA and had reasonable grounds for believing they were in compliance therewith. In addition, Defendants it acted in conformity with and in reliance on all written regulations, orders, rulings, approvals, interpretations, or opinions of the Department of Labor, Wage and Hour Division.

As Defendants' Fourth Affirmative Defense, Defendants assert that no act or omission of Defendants alleged to have violated the FLSA were willful, knowing, or in reckless disregard for the law.

As Defendants' Fifth Affirmative Defense, Defendants assert that Plaintiff's claims are barred to the extent they seek remedies beyond those provided for by the FLSA.

As Defendants' Sixth Affirmative Defense, even assuming, *arguendo*, that Defendants failed to properly pay Plaintiff as alleged in Plaintiff's Complaint, such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are not compensable.

As Defendants' Seventh Affirmative Defense, Defendants, at all times, acted in good faith to comply with the FLSA, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and so Defendants assert good faith as a defense to any claim by Plaintiff for liquidated damages and statutory penalties.

As Defendants' Eighth Affirmative Defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because any actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

As Defendants' Ninth Affirmative Defense, Defendants assert that Plaintiff's claims are barred as to all hours during which she was engaged in activities that were preliminary or post-liminary to her principal activities.

As Defendants' Tenth Affirmative Defense, Defendants assert that the Defendants are not engaged in interstate commerce as that term is defined under the FLSA and therefore not subject to FLSA.

As Defendants' Eleventh Affirmative Defense, Defendants assert that Plaintiff's claims should be barred by the doctrine of unclean hands, estoppel, waiver, and/or laches.

As Defendants' Twelfth Affirmative Defense, Defendants assert that Plaintiff is not entitled to liquidated damages, as at all times material hereto Defendants acted in good faith.

As Defendants Thirteenth Affirmative Defense, Defendants assert that any hours worked beyond Plaintiff's compensated workweek were unauthorized and performed without Defendants'

actual or constructive knowledge.

As Defendants' Fourteenth Affirmative Defense, Defendants assert that any claim for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses, compensatory time off or other job-related benefits paid or provided to Plaintiff including a reduction for any compensation already paid to Plaintiff for periods not compensable under FLSA. As Defendants' Fifteenth Affirmative Defense, Defendants assert Plaintiff's claims are barred as she was employed in a capacity exempt from the overtime requirements imposed under the FLSA, including but not limited to the exemption provided under Section 13(a)(1) of the FLSA.

As Defendants' Sixteenth Affirmative Defense, Defendants assert that Plaintiff has received any and all compensation to which she is entitled under the FLSA, and any time spent by Plaintiff beyond her compensable workweek, if at all, was either paid properly or *de minimis* and not compensable, or were otherwise contrary to express contract, custom, or practice. Indeed, Plaintiff was properly compensated as demonstrated by the timesheet records maintained by the Defendants and therefore any claim for unpaid overtime must fail.

As Defendants' Seventeenth Affirmative Defense, Defendants assert that to the extent that discovery reveals that Plaintiff falsely reported her hours and there is no evidence that Defendants require the false reporting of hours; no evidence that Defendant encouraged Plaintiff to falsely report her hours; and, no evidence that Defendant knew or should have known that Plaintiff was providing false information as to her hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

As Defendants' Eighteenth Affirmative Defense, Defendants assert that Plaintiff's claims

are barred in whole or in part by the doctrine of *de minimis non curat lex.*

As Defendants' Nineteenth Affirmative Defense, Defendants assert Plaintiff has been paid and/or received all wages and all other compensation and/or reimbursement due to her by virtue of his employment with Defendant.

As Defendants' Twentieth Affirmative Defense Defendants assert that they are entitled to an award of attorney's fees and costs because Plaintiff's claims are frivolous, vexatious, and without foundation, and are being brought in bad faith and for the sole purpose of harassing Defendant.

Defendants reserve the right to amend their Answer and Affirmative Defenses to assert additional affirmative defenses as Plaintiff's claims become more fully developed during this litigation.

Dated this 27th day of July 2022.

                      Respectfully submitted,

                      LYDECKER LLP
                      *Attorneys for Defendant,* Oncology & Hematology Associates Of West Broward, P.A.,
                      1221 Brickell Avenue, 19th Floor
                      Miami, Florida 33131
                      Telephone: (305) 416-3180
                      Facsimile: (305) 416-3190

By:   */s/ Katherine Gudaitis*
       KATHERINE GUDAITIS, ESQ.
       Florida Bar No: 1003527
       kg@lydecker.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on July 27, 2022. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF and via U.S. Mail on all counsel or parties of record on the Service List below.

/s/ *Katherine Gudaitis*
Katherine Gudaitis Esq.

## SERVICE LIST

Brian H. Pollock, Esq.
Fair Law Firm
135 Dan Lorenzo Avenue, Suite 770
Coral Gables, FL 33134
305.230.4884
brian@fairlawattorney.com